UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>SCOTT ERIC FEIL,<br>DIANA EVANGELINE FEIL,<br>STEVEN ARTHUR SWANSON,<br>THOMAS LEE CARTER,<br>BRETT BASSIGNANI,<br><br>    Defendant(s). | No. CR 09-0863 JSW (BZ)<br><br>**ORDER GRANTING IN PART THE GOVERNMENT'S MOTION TO QUASH** |

The motion of the United States to quash the subpoena that defendant Diana Feil served on the El Paso Intelligence Center ("EPIC") is **GRANTED IN PART**, for these reasons:

    1.  The government has standing to move to quash. There does not appear to be any dispute that EPIC is a government entity and that the information it contains was supplied largely by federal law enforcement agencies, including those involved in the prosecution of this action. Further, contrary to defendant's opposition, the government has asserted a proprietary interest and a claim of privilege in the documents

1

| | |
|---|---|
| 1 | requested from EPIC. See U.S. v. Tucker, 249 F.R.D. 59 |
| 2 | (S.D.N.Y. 2008). |
| 3 | 2. Defendant is correct that U.S. v. Nixon, 418 U.S. 683 |
| 4 | (1974), construed a prosecution subpoena for the President's |
| 5 | audio tapes and did not analyze how defendant's fifth and |
| 6 | sixth amendment rights might impact the Rule 17 requirement |
| 7 | that subpoenas not be "unreasonable or oppressive." See |
| 8 | Tucker, 249 F.R.D. 59. While some courts have distinguished |
| 9 | Nixon on those grounds, the Ninth Circuit has yet to do so. |
| 10 | See U.S. v. Reed, 726 F.2d 570 (9th Cir. 1984)(using the |
| 11 | factors outlined in Nixon to evaluate Rule 17 subpoenas); U.S. |
| 12 | v. Reyes 239 F.R.D. 591 (N.D. Cal. 2006)(same). Assuming |
| 13 | without deciding that the Nixon standard applies to |
| 14 | defendant's subpoena, she has met many of its requirements. |
| 15 | 3. As I have noted at earlier hearings, information |
| 16 | about whether the current prosecution arises out of |
| 17 | information gathered in the search which the Ninth Circuit has |
| 18 | ruled was improper in U.S. v. $186,416 in U.S. Currency, 590 |
| 19 | F.3d 942 (9th Cir. 2009), is relevant to any motion to |
| 20 | suppress that the defendant might make on the grounds that |
| 21 | this investigation is the "fruit of the poisonous tree." Wong |
| 22 | Sun v. U.S., 371 U.S. 471 (1963). |
| 23 | 4. The information sought is also not readily obtainable |
| 24 | in advance of trial unless the government is willing to commit |
| 25 | to reviewing the information that EPIC has received from the |
| 26 | various law enforcement agencies involved in this prosecution |
| 27 | and producing it as part of its affirmative discovery |
| 28 | obligations sufficiently in advance of trial to permit |
2

defendant to file a motion to suppress. Thus far, the government has been unwilling to make this commitment, which is why I authorized the subpoena in the first place.

5. Nor is there any apparent reason why any information that suggests that the current investigation arises out of the earlier search would be inadmissible and the government has proffered none. However, this is a difficult factor to assess without knowing what the information is.

6. As to specificity, I am concerned about the breadth and scope of the subpoena especially Requests No. 1-6. While some of the requests could be more specific, it is hard to be very specific about documents defendant has not seen. See U.S. v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981). The government asserts that this investigation began in May of 2006 when DEA agents and a confidential informant bought marijuana plants from defendants Carter and Bassignani and that on January 24, 2007 agents learned that Carter was Scott Feil's "business partner." Whether this investigation was the "fruit of the poisonous tree" appears to turn on whether the DEA agents began the May 2006 investigation based on information the DEA had received from the earlier search. The scope of the subpoena is far broader than that; it is broad enough to suggest it might be an impermissible "fishing expedition." Rather than requiring service of a new subpoena, I will narrow the EPIC subpoena to require EPIC to produce only documents (1) for the period between March 15, 2005 and January 24, 2007 and (2) which contain information about the origin of the May 2006 investigation or any connection between

3

the evidence seized in the March 2005 search and the May 2006 investigation. EPIC need not produce a witness to testify. Nor need EPIC produce reports and similar internal documents protected by Rule 16(a)(2). Despite the apparent inconsistencies between Rule 16(a)(1)(E)(i) and Rule 16(a)(2), the Ninth Circuit and other courts have construed these provisions as prohibiting the discovery of the government's investigative reports and other internal memoranda under Rule 16. See U.S. v. Fort, 472 F.3d 1106, 1110 and fn. 2 (9th Cir. 2007).

7. The request that documents be produced with metadata is **GRANTED** to the extent that EPIC has the metadata associated with the original documents it received for the relevant period, and to the extent that EPIC has metadata which shows who accessed its databases for the documents to be produced during the relevant period. However, EPIC does not have to produce metadata about who accessed EPIC to view these materials before March 12, 2005 or after January 24, 2007. That information would have little, if any, relevance to the anticipated motion to suppress and a Rule 17 subpoena is not a substitute for discovery.

8. To the extent that defendant seeks discovery in support of a motion pursuant to Franks v. Delaware, 438 U.S. 154 (1978), I find that defendant has failed to make a sufficient threshold showing that absent the information in the affidavit filed in support of the search warrant application that she claims was incorrect, there was insufficient information upon which to base probable cause.

4

1 | Id. at 171-2.
2 |     9.   The documents shall be produced by **November 1, 2010.**
3 | **IT IS SO ORDERED.**
4 | Dated: September 28, 2010

```
                          Bernard Zimmerman
                    United States Magistrate Judge
```

G:\BZALL\-REFS\USA V. FEIL\ORD GRANTING IN PART MOT TO QUASH (BZ VERSION).FINAL RULING.wpd