UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s),  ) <br> ) <br> v.  ) <br> ) <br> SCOTT ERIC FEIL, ) <br> DIANA EVANGELINE FEIL, ) <br> STEVEN ARTHUR SWANSON, ) <br> THOMAS LEE CARTER, ) <br> BRETT BASSIGNANI, ) <br> ) <br> Defendant(s).  ) | No. CR 09-0863 JSW (BZ) <br><br> **CORRECTED ORDER DENYING IN PART DEFENDANT DIANA FEIL'S MOTION TO COMPEL DOCUMENT PRODUCTION** |

Defendant's motion in which several other defendants have joined, is **DENIED** in large part for the following reasons:

1. Defendant has failed to persuade me that the government will not provide the documents it is required to provide pursuant to Federal Rules 12 and 16, Local Rule 16 and other governing law such as Brady v. Maryland and the Jencks Act (18 U.S.C. § 3500) by the times required by those rules or laws or by the time Judge White will specify in any scheduling order he issues pursuant to Local Rule 16-1(b). In fact, the government has already produced a substantial amount of

1

1  documents.

2      2.  Many of defendant's requests are tremendously broad.
3  Especially Nos. 1-6 and 9.  They may properly be characterized
4  as a sort of "fishing expedition" which courts have regularly
5  criticized.  See U.S. v. Reed, 726 F.2d 570, 577 (9th Cir.
6  1984).

7      3.  Defendant's Request No. 8 to compel the government to
8  provide further categorization of what it has produced and
9  what it is not producing is **DENIED**.  Some of the defendant's
10 laments are inevitable given the parties' agreement to engage
11 in "rolling" discovery.  Furthermore, I am satisfied with the
12 amount of information that the government has provided in
13 documents such as Exhibit "A" to Mr. Helou's declaration.

14     4.  I remain persuaded that defendant is entitled to
15 discovery on the limited issue of whether the investigation
16 that led to this indictment is tainted by the search ruled
17 illegal by the Ninth Circuit in U.S. v. $186,416 in U.S.
18 Currency, 590 F.3d 942 (9th Cir. 2009).  Defendant has
19 announced her intention to move to suppress evidence which she
20 believes is tainted by the earlier search.  Docket No. 141.  I
21 have already opined that defendant is entitled to obtain some
22 information from EPIC due to the government's resistance to
23 providing it in discovery.  The government's reliance on dicta
24 from U.S. v. Armstong, 517 U.S. 456 (1996), construing Rule
25 16(a) is misplaced.  The narrow holding in Armstrong was that
26 the defendant had failed to make a threshold showing of
27 selective prosecution warranting the requested discovery.  Id.
28 Had the Supreme Court been convinced that no discovery could

2

ever be taken in support of any defense to be raised by pretrial motion, which is how the government appears to construe <u>Armstrong</u>, the Supreme Court's lengthy discussion about the adequacy of the defendant's showing would have been unnecessary because defendant would have been entitled to no discovery regardless of the showing.

    5.  Here, the Ninth Circuit has already ruled that the March 2005 search was illegal.  The government claims that this indictment arose from an independent investigation which began in 2006.  I believe defendant is entitled to some discovery which would assist her in presenting her motion.  As a matter of pretrial administration, without altering the requirements of the Jencks Act and other rules that pertain to government disclosures, the Court has the authority to schedule the production of certain information to assure that the trial can proceed effectively.  <u>See</u> <u>U.S. v. W.R. Grace</u>, 562 F.2d 499, 509 (9th Cir. 2008).  For all these reasons, I **ORDER** the government to produce the discovery required by Request No. 10(a) and by Request Nos. 1, 2, 4 and 5 to the limited extent of documents that contain information about the origin of the May 2006 investigation or any connection between the evidence seized and the March 2005 search and the May 2006 investigation.  The government need not produce reports or other internal documents governed by Rule 16(a)(2).  See <u>U.S. v. Fort</u>, 472 F.3d 1106, 1110 and fn.2 (9th Cir. 2007).

    6.  If the government complies with this Order, I see no need to serve a subpoena on EPIC and would vacate that Order (Docket No. 235).

7. The documents shall be produced by **November 1, 2010.**

**IT IS SO ORDERED.**

Dated: September 30, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\USA V. FEIL\CORRECTED ORDER DENYING DIANA FEIL' S MOT TO COMPEL.wpd

4