**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00863-2 JSW |
| Plaintiff, | **ORDER RESOLVING UNITED STATES' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER REQUIRING CERTIFICATION OF COMPLIANCE WITH DISCOVERY ORDER (Docket No. 466)** |
| v. | |
| DIANA EVANGELINE FEIL, | |
| Defendant. | |

Now before the Court for consideration is the United States' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Zimmerman Requiring Certification of Compliance With Discovery Order. Defendant, Diana Evangeline Feil ("Ms. Feil"), opposes the United States' Motion. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the motion suitable for disposition without oral argument.

On September 30, 2010, Magistrate Judge Zimmerman issued an order denying, in part, Ms. Fiel's motion to compel discovery (the "Rule 16 Order" or "Discovery Order"). (Docket No. 242.) On March 9, 2011, after Ms. Feil filed a motion for an order to show cause as to why the United States had not complied with the Rule 16 Order, Judge Zimmerman issued an Order Requiring Certification of Compliance with Discovery Order. (Docket No. 427.)

In that order, Judge Zimmerman required the United States to serve a copy of the Rule 16 Order on each agency subject to that order to "file a declaration from an appropriate representative of each agency stating that the representative has received the [Rule 16] Order

and underlying motion and conducted a search for all responsive documents and that all responsive documents have been produced." (Docket No. 427 at 1:28-2:5.) The United States's motion for relief is directed solely to the certification requirement.[1]

The Court GRANTS the United States's motion in part. The United States shall not be required to file the declaration from the agencies in question. However, the Court HEREBY ORDERS the United States to file a certification that it has complied with the Rule 16 Order and has produced all documents that would be subject to that Order. If the United States has not produced all documents that are subject to the Rule 16 order, the United States shall file a statement identifying what documents or categories of documents have not been produced and the reasons such documents have not been produced. Similarly if the United States is going to voluntarily produce documents from EPIC that would otherwise be covered by the subpoena to EPIC, they shall so notify the Defendants and this Court. If the United States is not going to voluntarily produce those documents, Defendants shall issue the subpoena to EPIC, as narrowed by Judge Zimmerman,.

The United States shall file the certification and statements required by this Order by no later than April 20, 2011.

**IT IS SO ORDERED.**

Dated: April 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although the parties dispute whether the United States also was required to serve a copy of the Rule 16 Order on the Drug Enforcement Agency and EPIC, the Court's resolution of this motion renders that dispute moot.

2